## CARNEY et v KLEIN et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12338.   Decided July 5, 1932

MAUCK, PJ, MIDDLETON, J (4th Dist), and FARR, J (7th Dist), sitting.

Vickery, Vickery & Duffy, Cleveland, for plaintiffs in error.

S. M. Clossman, Cleveland, for defendants in error.

BY THE COURT

However, the plaintiffs in error were the former owners of the land described in the mortgage to them, and as such owners knew the land to have been Torrenized. The Homes Company prepared said mortgage and delivered same to plaintiffs in error, thereby doing all that they agreed to do. The petition does not allege in what respect the mortgage is defective. Their complaint is that they committed the error of recording the mortgage in the wrong department of the recorder's office. The defendants in error owed them no duty to instruct them as to the place or department for recording the same.

Sec 8572-44 GC refers to the manner in which a registered estate may be charged with encumbrance, but does not provide that a mortgage must state that the land upon which it covers has been Torrenized.

Plaintiffs below rest their claim upon the statement that defendants in error failed to prepare the mortgage correctly. Of interest is a paragraph in **10 Ohio Juris. 579**, where it is provided that "officers and agents of a corporation are not liable for corporate tax and debts by reason of their official relation to the corporation, * * *." The plaintiffs do not claim that they did not know the land was registered under the Torrens Law. They only plead that they did not know the legal effect of registration, but ignorance of the law would not excuse them, and, since they knew the land was registered, it does not excuse the faulty record which was due to their own oversight. It follows, therefore, that the judgment must be affirmed and it is so ordered.

MAUCK, PJ, MIDDLETON and FARR, JJ, concur.